STATE *vs.* JOHN McCLARNON.

A statute imposed a penalty upon " every person who at any election shall fraudulently vote, not being qualified."

Under this statute an indictment was found against one J. for fraudulently voting in the name of R., " *he, the said J., not being then and there qualified to vote in the name of the said R.*"

*Held,* that the statute did not create such an offence as was charged in the indictment.

*Held,* further, that the words above italicised were surplusage.

*Held,* further, that the indictment should be quashed.

EXCEPTIONS to the Court of Common Pleas.

*February* 12, 1887.  PER CURIAM.  The indictment in this case charges that the defendant, at Pawtucket, in the county of Providence, at the annual election held on the first Wednesday in April, 1886, " at which said election one Robert M. Murray was a qualified elector in the fourth ward, in said Pawtucket, did fraudulently vote in said fourth ward, in said Pawtucket, in the name of the said Robert M. Murray, he, the said John McClarnon, not being then and there qualified to vote in the name of the said Robert M. Murray, according to the Constitution and laws of this State, and then and there well knowing that he, the said John McClarnon, had no right to vote at said election in the name of said Robert M. Murray, according to the Constitution and laws of this State, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

At the trial in the court below, the defendant moved to quash the indictment for several alleged defects.  The court overruled the motion, and the defendant excepted.  The case is before us on exceptions.  The defendant argues that the indictment is defective in its manner of charging the offence ; but to our minds a more serious objection exists, namely, that the statute does not create any such offence as is charged in the indictment.  The words of the statute, relied on by the prosecution as authority for the indictment, are, " Every person who at any election shall fraudulently vote, not being qualified . . . shall be fined," [1] etc.  The

---

[1] Pub. Stat. R. I. cap. 13, § 2, as follows : —

" Every person who in any election shall fraudulently vote, not being qual-

offence created by these words is, not simply the offence of fraudulently voting, but the offence of fraudulently voting, in an election without qualification to vote in it, or at least without qualification to vote in it at the place where the vote is given. This offence is not charged. What is charged is, that the defendant fraudulently voted in the name of another person who was qualified; the words, "he, the said John McClarnon, not being then and there qualified to vote in the name of the said Robert M. Murray," etc., which are added, amounting to nothing which the law would not intend without them, and not being equivalent to an averment that the defendant was not qualified to vote in the election at the place where he voted. He may have been qualified to vote in his own name, for anything that is averred in the indictment; and if he was, he did not commit the offence created by the statute by the words above quoted when he voted in the name of another person, however culpable the act may have been. Apparently it never occurred to the framers of the statute that a man who was qualified in his own name would vote in the name of another, until after voting in his own; in which case he would be liable to indictment under the statute for double voting.

The motion to quash is granted and the indictment quashed.

*Walter F. Angell,* Assistant Attorney General, for plaintiff.

*Hugh J. Carroll,* for defendant.

---

ified; or having voted in one town, or ward, or district, shall vote in another town, or ward, or district; or shall vote twice at the same election for the same candidate; or for different candidates for the same office; or twice in different places at the same election, — shall be fined one hundred dollars; and no person, after conviction of such offence, shall ever after be permitted to exercise the privilege of voting for any civil or military officer."