LENA KATZ *vs.* ALFRED H. HIGSON ET AL.

Third Judicial District, New Haven, June Term, 1931.

*MALTBIE, C. J., HAINES, HINMAN and BANKS, Js.

Argued June 2d—decided June 22d, 1931.

*Harry L. Edlin,* with whom, on the brief, was *Lazarus Heyman,* for the appellant (plaintiff).

*Raymond E. Baldwin,* for the appellees (defendants).

PER CURIAM. The question presented in this appeal is whether or not there was in effect on August 9th, 1929, a zoning ordinance of the city of Danbury which would have prevented the granting to the appellees of a permit to erect and construct a large building on their premises to be used as a gasoline service station. The charter of the city contains the following provision: "No ordinance shall take effect and be enforced until the same has been published at least twice in some daily newspaper published in said city, nor until ten days after its passage." Pursuant to the provisions of § 6 of Chapter 242 of the Public Acts of

---

* By agreement of counsel the case was argued before four justices.

1925, now § 426 of the Revision of 1930, the city appointed a zoning commission. The commission prepared an ordinance and caused it to be published in two newspapers circulating in the city, with an accompanying map and with notice of public hearings to be held upon it. These were held and substantial changes were made in the ordinance and map. The matter was then placed before the common council of the city and it gave a further hearing. It then adopted an ordinance that: "The zoning ordinance as presented by the zoning commission, together with the accompanying map, be, and the same are hereby adopted, with the following exceptions"; and then followed several material alterations in the zoning of the city. A copy of this ordinance was advertised in two issues of a newspaper published in the city.

The purpose of the provision in the charter requiring the publication of ordinances is to inform the public of the laws which govern them, and the requirement should be interpreted accordingly. *Higley* v. *Bunce,* 10 Conn. 435, 442. To give effect to that purpose the legislature deemed it best to require that each ordinance should be published; it evidently considered that more ought to be done than merely to give notice that an ordinance concerning a certain matter had been enacted, leaving persons interested in or possibly affected by it to find out for themselves its precise terms. Obviously this was the effect of the publication of the ordinance before us; anyone seeking to ascertain its terms could only do so by searching out the publication of the proposed ordinance of the zoning commission, by consulting the official records of the city council, or by some such independent investigation. Only by printing the entire ordinance including that proposed by the commission and made a part of it would such notice be given as would

satisfy the provision we have quoted from the charter. The publication which was made was insufficient.

There is no error.