BURMORE CO., PROSECUTOR-APPELLANT, v. JOSEPH G. CHAMPION, MAYOR, BOARD OF ADJUSTMENT OF THE CITY OF OCEAN CITY, NEW JERSEY, AND THE CITY OF OCEAN CITY, NEW JERSEY, DEFENDANTS-RE-SPONDENTS.

Submitted October 27, 1939—Decided April 25, 1940.

For the appellants, *Bleakly, Stockwell, Lewis & Zink.*

For the respondents, *John E. Boswell* (*French B. Loveland,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a companion case to *Burmore Co. et al.,* v. *Smith et al.,* 124 *N. J. L.* 541.

In this case appellant, Burmore Co., alone, as owner of the premises involved, seeks to review the judgment of the Supreme Court affirming the judgment of the Board of Adjustment which in turn affirmed the action of the administrative officer (mayor) who refused to recommend to the governing body (Board of Commissioners) the granting of

appellant's application for a license to use its lot for the public parking of motor vehicles.

On March 21st, 1938, appellant made application to the mayor of Ocean City, New Jersey, for a license for the public parking of thirty cars or less upon the rear eighty feet of its lot more particularly described in *Burmore Co. et al.* v. *Smith et al., supra.* Appellant inclosed its lot and the two buildings thereon with a fence and otherwise complied with the existing ordinance (No. 601, passed May 5th, 1937), concerning the parking of motor vehicles in open air garages, lots or parking stations. But before the judgments under review were entered the city passed its zoning ordinance. By the terms of this ordinance, the parking license sought was prohibited in Zone 1, residential district, in which zone appellant's lot is situate. Appellant is, of course, bound by the provisions of that zoning ordinance. *Eastern Boulevard Corp.* v. *Willaredt,* 123 *N. J. L.* 269; 8 *Atl. Rep.* 688.

Appellant argues that since the power of the city is limited to the regulation of "buildings and structures" (*R. S.* 40:55-30), the city could not properly deny its application for a parking lot license which merely contemplated the use of vacant land. Respondents argue that since appellant inclosed its lot and buildings thereon with a fence and since a fence is a structure, the challenged legislation is within the purview of the cited statute, and that to grant the license would be to extend or enlarge a non-conforming use.

In our view of the issue before us, we do not regard the circumstance that the lot and buildings thereon were inclosed with a fence as having any particular significance. The issue here does not relate to the use of the fence as such a structure. Rather does it relate to the use of the lot and buildings thereon inclosed by that fence.

Notwithstanding the various uses made of the lot and buildings thereon at the time of the passage of the zoning ordinance, as pointed out in *Burmore Co. et al.* v. *Smith et al., supra,* the fact, as stipulated, is that appellant and respondents regarded appellant's lot and buildings thereon as one lot. The law so regards it. *Edwards* v. *Derrickson,* 28 *N. J. L.* 39, 45. Upon that premise, it seems to us to be

utterly illogical to say that the portion of the same lot on which there are two buildings is subject to the zoning ordinance and the remaining portion is not.

The same use which appellant made of the lot and buildings thereon before the passage of the zoning ordinance is the only use which, in the circumstances before us, it may make of its lot and buildings after the passage of the zoning ordinance. *Burmore Co. et al.* v. *Smith et al., supra.*

What appellant here sought was to extend or enlarge a non-conforming use. This extended or enlarged non-conforming use was properly denied. What we have written in *Burmore Co. et al.* v. *Smith et al., supra,* is applicable to and dispositive of the instant case.

Accordingly, the judgment is affirmed, with costs.

(See dissenting opinion by Donges, J., reported herewith.)

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, PERSKIE, WELLS, WOLFSKEIL, HAGUE, JJ. 8.

*For reversal*—CASE, DONGES, HEHER, HETFIELD, DEAR, RAFFERTY, JJ. 6.

BURMORE CO., ET AL., PROSECUTORS-APPELLANTS, v. HERBERT C. SMITH, BUILDING INSPECTOR, ET AL., DEFENDANTS-RESPONDENTS.

BURMORE CO., PROSECUTOR-APPELLANT, v. JOSEPH G. CHAMPION, MAYOR, BOARD OF ADJUSTMENT OF THE CITY OF OCEAN CITY, NEW JERSEY, AND THE CITY OF OCEAN CITY, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Decided April 25, 1940.

DONGES, J. (Dissenting.) I am unable to agree with the view of the majority in these cases (reported herewith in 124 *N. J. L.* 541 and 124 *Id.* 548) and think there should be a reversal in both cases.