BURMORE CO., ET AL., PROSECUTORS-APPELLANTS, v. HERBERT C. SMITH, BUILDING INSPECTOR, ET AL., DEFENDANTS-RESPONDENTS.

BURMORE CO., PROSECUTOR-APPELLANT, v. JOSEPH G. CHAMPION, MAYOR, BOARD OF ADJUSTMENT OF THE CITY OF OCEAN CITY, NEW JERSEY, AND THE CITY OF OCEAN CITY, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Decided April 25, 1940.

DONGES, J. (Dissenting.) I am unable to agree with the view of the majority in these cases (reported herewith in 124 N. J. L. 541 and 124 Id. 548) and think there should be a reversal in both cases.

*R. S.* 40:55-34 requires: "Said ordinance and notice of the time and place of hearing thereon shall be published at least once in an official newspaper," &c. This ordinance, in section 3 creates five classes of districts or zones. Section 4 provides:

"Boundaries. The boundaries of each of the above created districts or zones are hereby established as shown on a map dated January 26th, 1938, as approved by the Board of Commissioners of the City of Ocean City and on file in the City Clerk's office. In case of uncertainty or disagreement as to the true location of any district or boundary line the determination thereof shall lie with the Board of Adjustment as hereinafter provided."

It will be seen that the ordinance itself did not create the districts or zones and attempt to define them with respect to boundaries. The map, the only thing defining any zones, is not made part of the ordinance, nor was it published with the ordinance. No notice of any kind of the boundaries of the several zones was published. There is nothing in the published ordinance that would give anyone notice as to the boundaries of the zones to be created. It was necessary to look at a detached map in the city clerk's office to ascertain this very important matter. Notice is futile unless the property owner is able to determine from such notice that his property is affected. This would seem to be the obvious purpose of the statutory requirement for publication of the ordinance. Here, within the ordinance, there is nothing that creates any zones. As stated, a detached map, not made a part of the ordinance is the only guide.

Respondents rely upon *State* v. *Morristown,* 34 *N. J. L.* 445, where an ordinance was upheld upon grounds not dispositive of the question here presented. *Willets* v. *Sea Girt,* 8 *N. J. Mis. R.* 479, is also cited, but the ordinance there was one providing for the erection of a boardwalk and it was held that it was not void because it referred to plans and specifications on file, where no injury was done to prosecutor's property.

*Breese* v. *Trenton,* 11 *N. J. Mis. R.* 74, relied upon by the appellants is likewise not directly in point, but it does lay

emphasis on the accuracy of publication of the ordinance and map. In that case the official map on file with the building inspector differed from the map which was published with the ordinance, and the court held that the map which was published must control because that was the one of which the public had notice before the time for protest passed.

Our courts have made a clear distinction between municipal ordinances that are legislative or ministerial and those that are judicial in character. This was first pointed out in *Camden* v. *Mulford*, 26 *N. J. L.* 49, and has been followed in a long line of cases, such as *West Jersey Traction Co.* v. *Board of Public Works*, 56 *Id.* 431; *affirmed*, 57 *Id.* 710; *Moore* v. *Haddonfield*, 62 *Id.* 386; *Sears* v. *Atlantic City*, 73 *Id.* 710. In the West Jersey Traction Company case, Mr. Justice Reed states the distinction as follows: "A legislative (ministerial) act must be regarded as one which prescribes a general rule of conduct, while a judicial act is one which imposes burdens or confers privileges in specific cases, * * * according to the discretionary judgment of some person or board as to the propriety of imposing the burden or granting the privilege in the specific case." In *Moore* v. *Haddonfield, supra,* Mr. Justice Garrison, speaking for this court, declared that our decisions hold that when personal property, or personal rights, are clearly involved, the rule is plain, and that in case the municipal action then under scrutiny imposed an additional burden upon the land of owners it was judicial in character. It has been uniformly held that in the passing of ordinances judicial in character, notice to the parties affected is essential to validity. So here, notice of the respects in which property is to be affected is an important element. There is no notice unless there is a clear statement of what will be accomplished by the proposed action.

It may be that, in the instant case, it is not shown that the prosecutors were harmed by any insufficient publication, but the question is fundamental. It is whether or not a complete and sufficient ordinance was ever published and passed. I am inclined to think that an ordinance of this character, which relies upon an extraneous document to establish one of its most important features, the boundaries of the various

zones, is not a complete ordinance, and cannot be effective to create zones and boundaries in this way. *Katz* v. *Higson et al.* (*Conn.*), 155 *Atl. Rep.* 507.

This view is strengthened by a consideration of the constitution and of other sections of the Zoning act. By amendment to section 6 of article IV of the State Constitution, it is provided:

"5. The Legislature may enact general laws under which municipalities, other than counties, may adopt zoning ordinances limiting and restricting to specified districts and regulating therein, buildings and structures, according to their construction, and the nature and extent of their use, and the exercise of such authority shall be deemed to be within the police power of the State. Such laws shall be subject to repeal or alteration by the Legislature." *Pamph. L.* 1928, *p.* 820.

It will be observed that this provision permits legislation under which municipalities may adopt zoning ordinances which limit and restrict to specified districts and regulate therein, buildings and structures. This clearly requires that the statutes adopted under this constitutional provision shall require that the zoning districts be specified in the ordinance adopted thereunder. I think the statutes so provide. In the first section, *R. S.* 40:55-30, it is provided that "Any municipality may *by ordinance,* limit and restrict to *specified* districts," &c. Thus the power to zone is required to be exercised by ordinance and the fair interpretation is that the "specified" districts must be specified by ordinance.

And then in 40:55-35, it is provided "Such regulations, limitations and restrictions may be amended, changed, modified, or repealed, and the boundaries of such districts may be changed, by ordinance." An ordinance being required to change a district, it would seem that a district must also be created by a specific ordinance actually outlining the boundaries of the district or zone. In the instant case, it would be possible to change the districts by changing the map, since the districts are not delineated in the ordinance. I think the ordinance must, in itself, set forth the complete scheme, and that notice to the persons affected is essential to its validity.

For these reasons I am of the opinion that the ordinance is void and that the prosecutors are entitled to their permits.

Mr. Justice Case and Judges Hetfield, Dear and Rafferty have asked me to say that they concur in the view expressed above.