STATE OF CONNECTICUT *v.* STEVEN HANNA
(7386)

BORDEN, STOUGHTON and FOTI, Js.

Argued June 15—decision released August 1, 1989

*Sallie A. Blackman,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John T. Redway,* state's attorney, and *Timothy Liston,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant appeals from a judgment of conviction rendered after a trial to a jury that found him guilty of the crime of sale of cocaine, in violation of General Statutes § 21a-278 (b).

The defendant was arrested on a warrant on November 24, 1987, on a charge arising out of a sale of cocaine made to an undercover police officer on March 26, 1987. The arrest was made after the completion of a narcotics investigation by the statewide narcotics task force. A videotape of the transaction was filmed by police officers in a surveillance vehicle. The defendant claims that the court erred (1) in denying his motion to dismiss, (2) in overruling his objection to the videotape, and (3) in denying his request for a continuance to obtain new counsel. We find no error.

The defendant filed a motion to dismiss in which he alleged that the delay between the date of the offense

and the date of his arrest made it difficult for him to recall the events of the day of the offense and to produce an alibi. In order to establish a due process violation because of prearrest delay, the defendant must show both that actual substantial prejudice resulted from the delay and that the delay was wholly unjustified, as where the state seeks to gain a tactical advantage over the defendant. *State* v. *Littlejohn,* 199 Conn. 631, 646, 508 A.2d 1376 (1986); *State* v. *Haynes,* 8 Conn. App. 361, 364, 513 A.2d 160 (1986). Mere allegations of potential prejudice or dimmed memory are insufficient. *State* v. *Aspinall,* 6 Conn. App. 546, 549, 506 A.2d 1063 (1986). The defendant did not testify and mere representations by counsel are not evidence. *State* v. *Carsetti,* 12 Conn. App. 375, 379, 530 A.2d 1095, cert. denied, 205 Conn. 809, 532 A.2d 77 (1987). The state offered evidence that the defendant was not arrested at the time of the offense because an arrest at that time would have jeopardized an ongoing investigation, a justification for the delay. There was no showing of any attempt by the state to gain some tactical advantage over the defendant through delaying his arrest. The trial court did not err in denying the defendant's motion to dismiss.

The defendant filed a motion pursuant to Practice Book § 741 for discovery and inspection seeking an order that defense counsel be permitted "to inspect and copy or photograph at least sixty days prior to trial," inter alia, any and all exculpatory information or materials and any and all books, tangible objects, papers, photographs and documents within the control of any state agency and intended for use as evidence. The motion was granted and the state responded in writing as follows: "Available for inspection at a mutually agreed time." It is not disputed that neither the defendant nor his counsel sought to examine the requested material before trial. The day before the trial started,

defense counsel was told of the existence of the video-tape. During the trial, the court overruled the defendant's objection that the state had failed to comply with the discovery order.

The defendant claims that the state's response was not sufficient under Practice Book § 741. At oral argument, defense counsel conceded that the response made by the state has been found to be sufficient by our Supreme Court. *State* v. *Palmer,* 196 Conn. 157, 161, 491 A.2d 1075 (1985). That case is controlling on this issue. The defendant claims that the videotape is or might be exculpatory because the seller portrayed therein does not look like the defendant. If that is so, the difference cannot have been obvious to the state; see *State* v. *Palmer,* supra, 160; because the jury saw the videotape and convicted the defendant. Even if it were exculpatory, there was no suppression of the videotape because it was disclosed to the defendant. The trial court did not err in admitting the videotape into evidence.

The defendant claims that the court erred in refusing to grant him a continuance any longer than four hours to obtain new counsel. This claim is simply not supported by the record. The defendant informed the court after jury selection had begun that he was interested in obtaining new counsel and could probably do so by noon that day. The court said that it would permit a reasonable opportunity to obtain new counsel but that it would not permit undue delay. It granted a continuance until 2 p.m. that day, and the defendant expressed himself as satisfied with that. At 2 p.m., the defendant said that he had been unsuccessful in obtaining new counsel and asked for additional time so that he and his present counsel could get a chance to familiarize themselves with each other. He suggested that he was concerned about the manner in which his defense would be conducted. The court informed the

defendant that he would not have to present a defense until after the state had completed its case and said that the trial would then be suspended for five days. The defendant agreed to this. He did not object or except to any ruling of the court. He did not request a continuance to obtain new counsel when the court reconvened at 2 p.m. The record, far from supporting the defendant's claim, shows that the court granted the requests that he made.

There is no error.