[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals the decision of the Planning and Zoning Commission of the town of Westport ("commission") granting the application of the town of Westport for a special permit and site plan approval for two multipurpose athletic fields on twenty-seven acres owned by the town of Westport. Since the plaintiff owns land abutting those twenty-seven acres, he is statutorily aggrieved by the action of the commission and has standing to maintain this appeal. General Statutes 8-8; see McNally v. Zoning Commission, 225 Conn. 1, 5-8, 621 A.2d 279
(1993); Caltabiano v. Planning Zoning Commission, 211 Conn. 662,560 A.2d 975 (1989).
The plaintiff claims that (1) the action taken was illegal because a member of the commission had a personal interest in the application and failed to disqualify herself; (2) the commission illegally imposed conditions on the special permit and site plan after it already had approved the application (3) notice of the commission's decision was invalid under General Statutes 8-3c(b) because it failed to list the conditions imposed by the commission; and (4) the commission illegally truncated the appeal period by not filing the list of conditions in its office until the day after the notice of decision, which referred to that list, was published. The court finds that the plaintiff's claims lack merit. Accordingly, the appeal is dismissed.
 A.
The plaintiff's first claim is that the action of the commission was illegal because one member of that body "knew of circumstances which could reasonably result in a conflict [of CT Page 6611 interest] or the appearance of conflict and should have disqualified herself from participating in the public hearing but failed to do so."
The facts relevant to this claim are as follows. The application for a special permit and site plan approval reflects that the "applicant" was "Westport Parks Recreation." The application is signed "Stuart McCarthy, Parks Rec. Director" and by Douglas Wood, the First Selectman of the Town of Westport. At all relevant times Michael Rea was a member of the Parks Recreation Commission of the Town of Westport. His spouse, Carla Rea, was at all times a member of the defendant commission and participated in the public hearing, deliberations and decision on the subject application.
General Statutes 8-11 which, as the plaintiff states, "sets forth the standard regarding the disqualification of members of a" zoning commission provides in pertinent part:
 "No member of any Zoning commission. . . shall participate in the hearing or decision of the. . . commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense. In the event of such disqualification, such fact shall be entered on the records of the commission. . ., and, unless otherwise provided by special act, any municipality may provide by ordinance that an elector may be chosen, in a manner specified in the ordinance, to act as a member of such commission. . . in the hearing and determination of such matter, except that replacement shall first be made from alternate members pursuant to the provisions of sections 8-1b and 8-5a." (Emphasis added.)
A member of a zoning commission is directly or indirectly interest in a matter in a financial sense "when the decision of the zoning authority could enure to his pecuniary benefit." Anderson v. Zoning Commission, 157 Conn. 285, 290,253 A.2d 16 (1968). The plaintiff concedes that Mrs. Rea had no pecuniary interest in the subject matter of the application or in her commission's decision on that application. CT Page 6612
"Section 8-11 also forbids a member of a zoning commission or board of appeals from participating in any matter in which he has a personal interest in the outcome. Daly v. Town Plan Zoning Commission, 150 Conn. 495, 500, 191 A.2d 250
(1963). A personal interest is either an interest in the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the open-mindedness and sense of fairness which a zoning official in our state is required to possess." Anderson v. Zoning Commission, supra, 290-291; see Cioffoletti v. Planning Zoning Commission, 209 Conn. 544, 554,552 A.2d 796 (1989). "The test is not whether the personal interest of the commissioner actual conflicted with his public duty but whether it might have conflicted. Josephson v. Planning Board, 151 Conn. 489, 495, 199 A.2d 690 (1964)." Brunswick v. Inland Wetlands Commission, 29 Conn. App. 634, 639,617 A.2d 466 (1992).
Notably, a reasonable appearance of impropriety, which is the standard for judicial disqualification, is not the governing standard for administrative adjudicators. "The canons of judicial ethics go far toward cloistering those who become judges, the ultimate arbiters of constitutional and statutory rights, from all extraneous influences that could even remotely be deemed to affect their decisions. Such a rarefied atmosphere of impartiality cannot practically be achieved where the persons acting as administrative adjudicators, whose decisions are normally subject to judicial review, often have other employment or associations in the community they serve. It would be difficult to find competent people willing to serve, commonly without recompense, upon the numerous boards and commissions in this state if any connection with such agencies, however remotely related to the matters they are called upon to decide, were deemed to disqualify them. Neither the federal courts nor [the Supreme Court of this state] require[s] a standard so difficult to implement as a prerequisite of due process of law for administrative adjudication." Petrowski v. Norwich Free Academy, 199 Conn. 231, 238, 506 A.2d 139, appeal dismissed,479 U.S. 882, 107 S. Ct 42, 93 L.Ed.2d 5 (1986).
In addition, "[i]t is presumed that members of CT Page 6613 administrative boards acting in an administrative capacity are unbiased. Petrowski v. Norwich Free Academy, [supra, 236]; see Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456,43 L.Ed.2d 712 (1975). The party who contends that an adjudication is biased bears the burden of proving the disqualifying interest. Schweiker v. McClure, 456 U.S. 188, 196, 102 S.Ct. 1665,72 L.Ed.2d 1 (1982) Petrowski v. Norwich Free academy, [Academy] supra." Jutkowitz v. Norwich Free Academy, 220 Conn. 86, 100,596 A.2d 374 (1991). "To overcome the presumption, the plaintiff. . . must demonstrate actual bias, rather than mere potential bias, of the board member challenged, unless the circumstances indicate a probability of such bias too high to be constitutionally tolerable." (Internal quotation marks omitted.) Clisham v. Board of Police Commissioners, 223 Conn. 354, 362, 613 A.2d 254
(1992).
The factual predicate for a finding that Mrs. Rea had a personal interest, that is, a bias or prejudice, does not exist. Firstly, the plaintiff has not directed the court to anything in the record which reflects that the Parks and Recreation Commission was the applicant. The application is signed by the Director of the Parks and Recreation Department and it is noteworthy, though not dispositive, that in their correspondence the town planner and other town officials treated the Director as the applicant. Under the Westport Charter, "of which the court takes judicial notice"; Nichols v. Ansonia,81 Conn. 229, 237, 70 A. 636 (1908); the Parks and Recreation Department, of which the Director is the administrative and operational head, is distinct from the Parks and Recreation Commission, which establishes policy. Westport Code C32-1 to C32-3. Also, the traffic study submitted to the defendant commission states that it was prepared at the request of the Director. Secondly, the plaintiff has not directed the court to anything in the record which reflects that the Parks and Recreation Commission ever took a position on the subject of the application. At most, there was a Field Committee of that commission which advocated the need for additional sports fields. While even local boards and commissions may have an inherent propensity to expand their "turf", such a propensity may not be the basis for a finding of fact. More, there is no evidence that Mrs. Rea's spouse was a member of that Field Committee. Finally, the plaintiff has not directed the court to anything in the record, nor has he otherwise adduced any evidence, that Mrs. Rea's husband personally favored this application or even participated in any proceedings of the Parks CT Page 6614 and Recreation Commission concerning its subject matter.[1]
Therefore, there is no basis for finding that Mrs. Rea had a personal interest which would have disqualified her from participating in the hearing and decision on the application pursuant to General Statutes 8-11.
 B.
The plaintiff's second claim is that the commission illegally reversed itself and imposed additional conditions on the special permit and site plan approval after it had acted on the application.
The commission's minutes reflect that the motion on which it acted was as follows: "To grant application 92-145 as presented with a revised site plan to be submitted, no band practice, no lights and loudspeakers, no cut-off of play before sundown, parking plan to be revised to conform with small car standards and a permeable surface, fencing of the gardens, landscape committee to conduct field inspection." However, the letter of the chairman of the commission to Mr. Stuart McCarthy, Director of the Parks and Recreation Department, notifying him of the commission's decision, contains many more substantive conditions. The plaintiff claims that this evidences that the commission illegally imposed additional conditions to the special permit and site plan approval after its initial action. The defendants claim that the additional conditions were validly imposed in a "work session" of the Director of Planning and Zoning and the Town Planner after the vote to approve the application. "Once a work session is complete, and a vote is taken," argue the defendants, "the staff writes up the resolution based on the conditions imposed by the Commission. The Commission Chairman reviews the draft to determine that it is an accurate reflection of the vote of the Commission before it is disseminated."
"These representations of the [defendants'] counsel are not `evidence' and certainly not proof." Cologne v. Westfarms Associates, 197 Conn. 141, 153, 496 A.2d 476 (1985); see Pet v. Department of Health Services, 207 Conn. 346, 363
n. 10, 542 A.2d 672 (1985); see Pet v. Department of Health Services, 207 Conn. 346, 363 n. 10, 542 A.2d 672 (1988); State v. Roman, 224 Conn. 63, 68, 616 A.2d 216 (1992); State v. Tillman,220 Conn. 487, 496, 600 A.2d 738 (1991), cert. denied, ___ U.S. ___, 112 S.Ct. 3000, 120 L.Ed.2d 876 (1992); New Haven v. CT Page 6615 Freedom of Information Commission, 205 Conn. 767, 776,555 A.2d 1297 (1988); State v. O'Brien, 29 Conn. App. 724, 732,618 A.2d 50 (1992); cert. denied, 225 Conn. 902, 621 A.2d 285 (1993); State v. Hanna, 19 Conn. App. 277, 278, 562 A.2d 549 (1989); State v. Weber, 6 Conn. App. 407, 413, 505 A.2d 1266 (1986), cert. denied, 192 Conn. 810, 508 A.2d 771 (1986). This appeal must be decided on the record. Blaker v. Planning Zoning Commission, 219 Conn. 139, 146, 592 A.2d 155 (1991).
The action of the commission is reflected in its official records, including its minutes. Northrop v. Waterbury,81 Conn. 305, 309, 70 A. 1024 (1908); Alderman v. New Haven,81 Conn. 137, 142, 70 A. 626 (1908). Here, those documents reflect that on October 28, 1992 the commission granted the town's application subject to certain enumerated conditions. That action did not authorize or delegate to the commission's chairman or staff the authority to impose any additional conditions. Any additional conditions subsequently developed by the commission's director and the town planner, even if approved by the commission's chairman, are a nullity. A zoning commission can only take valid action at a meeting of which all members have proper notice and at which a majority are present. Ghent v. Zoning Commission, 220 Conn. 584, 598, 600 A.2d 1010
(1991); Strain v. Mimms, 123 Conn. 275, 281, 193 A. 754 (1937). "Members of a municipal board cannot exercise their powers and duties separately. They must meet and act as a board at authorized meetings duly held. Jack v. Torrant, 136 Conn. 414,420, 71 A.2d 705 (1950); 2 Am.Jur.2d, Administrative Law, 227." Ziomek v. Bartinole [Bartimole], 156 Conn. 604, 612, 244 A.2d 380 (1968); see Pepe v. New Britain, 203 Conn. 281, 290, 524 A.2d 629
(1987); 2 J. Dillon, Municipal Corporations (5th Ed.) 50, p. 825.
Therefore, both the claim of the plaintiff and the claim of the defendants are untenable. The commission neither reversed itself nor did it add additional conditions to its approval after its action on October 28, 1992.
 C.
The plaintiff's third claim is that the commission's notice of decision is invalid under General Statutes 8-3c(b) because it failed to list the conditions imposed by the commission.[2]
CT Page 6616
The notice of the commission's decision appeared in the Westport News and stated as follows:
 "Notice is hereby given that at a meeting held on October 28, 1992 the Westport Planning Zoning Commission took the following actions: 1. Granted. Cross Highway/Silent Grove South (Wakeman Farm): Appl. #92-145 by the Town of Westport for property owned by the Town of Westport for a Special Permit and Site Plan Approval for multi-purpose athletic fields in a Res. AAA, Map 5442-1, Lot. 16-2 through 16-19."
Item two in the notice was the granting of another application. The notice then continued: "The above items were granted with conditions which are on file with the Planning Zoning Office in Town Hall at 110 Myrtle Avenue."
Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, 195 Conn. 276, 487 A.2d 559 (1985), is dispositive of the plaintiff's claim. There the principal issue was "the timeliness of the plaintiff's appeal, the resolution of which depend[ed] upon the adequacy of the notice of decision provided by the zoning board." (Footnote omitted.) Id., 280. The material part of that notice stated that [the board] had rendered the following decision: "4531-4575 MAIN ST. Petition of First National Stores, Inc. GRANTED CONDITIONALLY." Id., 279 n. 20. Said the court:
 "In reviewing the adequacy of the notice of decision. . ., we are mindful of the purpose such notice is meant to serve. `The right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless.' Hubbard v. Planning Commission, 151 Conn. 269, 271-72, 196 A.2d 760 (1963). The notice of decision CT Page 6617 here, together with the hearing notice incorporated therein fulfilled these objectives. There can be no doubt that the notice of decision published on December 16, 1982, gave the plaintiff the opportunity of knowing that there was a decision to appeal from. The notice of decision explicitly stated that a decision relating to specifically identified property. . . had been rendered granting the. . . petition conditionally. The adequacy of the notice with regard to the opportunity granted the plaintiff `of forming an opinion as to whether that decision presents an appealable issue' must be determined from the notice construed as a whole, including its references to the prior notice of hearing. . . . It is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the appealable time constraints to obtain the information required to form an opinion whether or not to appeal."
(Emphasis added.) Id., 281-282. Judged against this standard, the notice of decision here clearly passes master. Notice of the conditional granting of a zoning application is not invalid because the notice does not enumerate the conditions imposed, at least where, as here, the notice states that the conditions are on file in a local public building which is identified.
In support of his position the plaintiff cites Katz v. Higson, 113 Conn. 776, 155 A. 507 (1931). In that case the court, in a per curiam opinion, invalidated a zoning ordinance because the entire text had not been published in a newspaper. There, however, "[t]he charter of the city contain[ed] the following provision: `No ordinance shall take effect and be enforced until the same has been published at least twice in some daily newspaper published in said city, nor until ten days after its passage.'" Ibid. In the present case, Connecticut General Statutes 8-3c(b) does not require that the entire text of a decision be published. Rather, General Statutes 8-3c(b) CT Page 6618 simply provides in relevant part: "Notice of the decision of the commission shall be published in a newspaper, having a substantial circulation in the municipality. . . ." Bridgeport Bowl-O-Rama, supra, makes clear that a "notice of decision" need not include the entire text of the decision. Moreover, the notice in Katz did not direct the public to a place where the entire text of the decision was available. See Katz v. Higson, supra, 777.
The plaintiff also cites Polzella v. Planning Zoning Commission, Superior Court, Judicial District of Waterbury, No. 052640 (1981). In Polzella, the court held that a notice of the granting of a special permit was invalid because it contained only three of nine conditions imposed. Such is not the case here. "A statement that is partial or incomplete may be a misrepresentation because it is misleading, when it purports to tell the whole truth and does not." Restatement (Second), Torts 551, comment on clause (b), p. 121. To the extent that Polzella held that the entire text of a zoning decision must be published, enumerating all conditions imposed, it is not binding on this coordinate court and is inconsistent with the subsequent Supreme Court decision in Bridgeport Bowl-O-Rama, supra. See Fuller, Land Use law and Practice (West 1993), 46.5, p. 753.
 D.
The plaintiff's final claim is that the commission illegally truncated the fifteen day statutory appeal period because it failed to file in its office, as represented in the published notice of decision, the list of conditions imposed on the granting of the special permit and site plan approval until the day after the notice of its decision was published in a newspaper.[3]
General Statutes 8-8(b) provides in relevant part that an aggrieved person may appeal the decision of a zoning commission to the superior court "within fifteen days from the date that notice of the decision was published as required by the general statutes." However, "[i]t is not essential that a notice of decision expressly state every consideration that might be relevant to any party who might want to appeal the board's decision. It is only necessary to provide notice adequate to ensure a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal." (Emphasis added.) CT Page 6619 Bridgeport Bowl-O-Rama, Inc. v. Zoning Board of Appeals, supra, 282. Even assuming that the list of conditions imposed by the commission was not filed in its office until the day after the notice of decision was published, the plaintiff and the rest of the public nonetheless had "a reasonable opportunity within the applicable time constraints to obtain the information required to form an opinion whether or not to appeal." Ibid.[4]
The appeal is dismissed.
LEVIN, J.