[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The defendants move to stay these summary process proceedings, claiming that the plaintiff obtained title by way of a sale approved by the United States Bankruptcy Court by perpetrating a fraud on that court. Such a serious claim ought not be made without a showing of its validity. "In matters of substance such as this, a `showing' requires evidence, not merely assertions of counsel. Pantlin Chananie Development Corp. v.Hartford Cement Building Supply Co., 196 Conn. 233, 241,492 A.2d 159 (1985) (motion to open and set aside judgment pursuant to General Statutes § 52-212). `[R]epresentations of the plaintiffs' counsel are not "evidence" and certainly not "proof."' Cologne v. Westfarms Associates, 197 Conn. 141, 153,496 A.2d 476 (1985); see Pet v. Department of Health Services,207 Conn. 346, 363 n. 10, 542 A.2d 672 (1988): State v. Roman,224 Conn. 63, 68, 616 A.2d 266 (1992); State v. Tillman,220 Conn. 487, 496, 600 A.2d 738 (1991), cert. den., 505 U.S. 1207,112 S.Ct. 3000, 120 L.Ed.2d 876 (1992); New Haven v. Freedom ofInformation Commissioner, 205 Conn. 767, 776, 535 A.2d 1297
(1988); State v. O'Brien, 29 Conn. App. 724, 732, 618 A.2d 50
(1992), cert. den., 225 Conn. 902, 621 A.2d 285 (1993); State v.Hanna, 19 Conn. App. 277, 278, 562 A.2d 549 (1989); State v.Weber, 6 Conn. App. 407, 413, 505 A.2d 1266 (1986), cert. den.,199 Conn. 810, 508 A.2d 771 (1986). `It is well settled that representations of counsel are not, legally speaking, "evidence." [Citations omitted.].' Cologne v. West Farms Associates, supra, 154; see State v. Kelly, 23 Conn. App. 160, 172, 580 A.2d 520, cert. denied, 216 Conn. 831, 583 A.2d 130 (1990), cert. denied,499 U.S. 981, 111 S.Ct. 1635, 113 L.Ed.2d 731 (1991); State v.Carsetti, 12 Conn. App. 375, 379, 530 A.2d 1095 (1987), cert. den., 205 Conn. 809, 537 A.2d 77 (1985)." Mimms v. Planning CT Page 723Zoning Commission, Superior Court, Judicial District of Fairfield, No. 289405S (June 11, 1993).[1]
The defendants' motion for stay is denied. without prejudice to renew, immediately after the pleadings are closed, with a proper showing that the plaintiff obtained title by defrauding the United States Bankruptcy Court.
BY THE COURT
Bruce L. Levin Judge of the Superior Court