STATE OF CONNECTICUT *v.* WILLIAM SATTI
(2101)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued January 5—decision released June 26, 1984

*Hyman Wilensky,* for the appellant (defendant).

*Linda N. Knight,* deputy assistant state's attorney, with whom, on the brief, were *Carl J. Schuman* and *John R. Donovan,* assistant state's attorneys, for the appellee (state).

DUPONT, J. The defendant was denied accelerated pretrial rehabilitation which he sought under the provisions of General Statutes § 54-56e.[1] He appealed from

[1] "[General Statutes] Sec. 54-56e. ACCELERATED PRETRIAL REHABILITATION. There shall be a pretrial program for accelerated rehabilitation of persons accused of a crime, not of a serious nature. The court may, in its discretion, invoke such program on motion of the defendant or on motion of a state's attorney or prosecuting attorney with respect to an accused who, the court believes, will probably not offend in the future and who has no previous record of conviction of crime and who states under oath in open court under the penalties of perjury that he has never had such program invoked in his behalf, provided the defendant shall agree thereto and provided notice has been given by the accused, on a form approved by rule of court, to the victim or victims of such crime, if any, by registered or certified mail and such victim or victims have an opportunity to be heard thereon. This section shall not be applicable to any person charged with a violation of section 14-227a. Unless good cause is shown, this section shall not be applicable to persons accused of a class A, class B, or class C felony or to any youth who has previously been adjudged a youthful offender under the provisions of sections 54-76b to 54-76n, inclusive. Any defendant who enters such program shall agree to the tolling of any statute of limitations with respect to such crime and to a waiver of his right to a speedy trial. Any such defendant shall appear in court and shall be released to the custody of the office of adult probation for such period, not exceeding two years, and under such conditions as the court shall order. If the defendant refuses to accept, or, having accepted, violates such conditions, his case shall be brought to trial. If such defendant satisfactorily completes his period of probation, he may apply for dismissal of the charges against him and the court, on finding such satisfactory completion, shall dismiss such charges. Upon such dismissal all records of such charges shall be erased pursuant to section 54-142a."

that denial to the Appellate Session of the Superior Court which dismissed the appeal as not having been taken from a final judgment.[2] The defendant subsequently entered a plea of nolo contendere,[3] and again appeals[4] from the denial of his application.

The state argues that the denial of an application for accelerated rehabilitation is not reviewable after a plea of nolo contendere and that, even if the denial were reviewable, the trial court, in this case, did not abuse its discretion.

A plea of nolo contendere, while not an express admission of guilt, is tantamount to a finding of guilt. *North Carolina* v. *Alford,* 400 U.S. 25, 36 n.8, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Upon entering such a plea, the defendant consents to the judgment of the court, agrees to be punished as though he were guilty and waives certain constitutional rights. *State* v. *Godek,* 182 Conn. 353, 365 n.13, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981). Among the constitutional rights waived are the right to a speedy, public trial by an impartial jury, the right to assert the privilege against self-incrimination, and the right to require the state to prove guilt beyond a reasonable doubt. *United States* v. *Broome,* 628 F.2d 403, 404 (5th Cir. 1980); *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976). The defendant waives all nonjurisdictional defects and all defenses by a plea of nolo contendere. *United States* v. *DePoli,* 628 F.2d 779, 781 (2d Cir. 1980); *Buckley* v. *Warden,* 177 Conn. 538, 542, 418 A.2d 913 (1979). After such a plea, the defendant is limited in the claims he may make on appeal. He

---

[2] *State* v. *Satti,* 38 Conn. Sup. 552, 454 A.2d 280 (1982). *State* v. *Spendolini,* 189 Conn. 92, 93, 454 A.2d 720 (1983), makes it clear that the holding of *State* v. *Satti,* supra, was correct.

[3] The plea was accepted and was followed by a finding of guilty, and a sentence of a $50 fine, plus costs of $15.

[4] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

may assert, for example, that the indictment or information failed to state an offense; *United Brotherhood of Carpenters* v. *United States,* 330 U.S. 395, 412, 67 S. Ct. 775, 91 L. Ed. 973 (1947); or, in some instances, that the statute under which he was prosecuted is unconstitutional. *United States* v. *Broome,* supra, 405; see *State* v. *Eason,* 192 Conn. 37, 39–40, 470 A.2d 688 (1984).[5] A defendant may not raise claims of constitutional violations occurring before his plea,[6] although he can attack the voluntary or intelligent character of his plea. *Myers* v. *Manson,* 192 Conn. 383, 393, 472 A.2d 759 (1984).

Courts are generally in agreement that a plea of nolo contendere or a guilty plea acts as a cutoff point for the assertion on appeal of claims which preceeded the plea and which relate to defenses, nonjurisdictional defects or a deprivation of constitutional rights. *Buckley* v. *Warden,* supra; note, 89 A.L.R.2d 540, 592. In accordance with this general decisional rule, the state argues, in essence, that as soon as the defendant entered his plea of nolo contendere, he waived any complaint which he may have had that the court had previously abused its discretion in the denial of his application for accelerated pretrial rehabilitation.

The state also cites General Statutes § 54-94a to bolster its argument. That statute provides that a defendant, prior to the commencement of trial, may enter a plea of nolo contendere conditional on the right to take

---

[5] In *State* v. *Eason,* 192 Conn. 37, 470 A.2d 688 (1984), the defendant had pleaded guilty and the court, on appeal, reviewed the constitutionality of the statute which was the basis of the plea. The court does not discuss the issue of whether the defendant, after a plea of guilty, waived his right to assert that the statute was so unconstitutionally vague as to violate his due process rights. The state, however, in a footnote in its brief, assumes that a void for vagueness claim is a jurisdictional claim. The issue is not otherwise mentioned in the record or briefs of the parties.

[6] A defendant may, however, after a plea of guilty, raise constitutional claims in a separate action for damages, brought under 42 U.S.C. § 1983. *Haring* v. *Prosise,* 462 U.S. 306, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983).

an appeal from a denial of a motion to suppress evidence based on an unreasonable search or seizure or from a denial of a motion to dismiss. The defendant argues that the statute is not all-inclusive and does not bar an appeal to test the denial of an application for accelerated rehabilitation after a plea of nolo contendere. Section 54-94a expands the exceptions to the general rule that a plea of nolo contendere precludes a review on appeal of all but a few specific claims as discussed above. The statute authorizes limited appeals where none would otherwise exist and should, therefore, be strictly construed. *State* v. *Audet,* 170 Conn. 337, 340, 365 A.2d 1082 (1976).

The defendant cannot appeal from a denial of an application for accelerated rehabilitation prior to trial. *State* v. *Spendolini,* 189 Conn. 92, 93, 454 A.2d 720 (1983). His access to the program, however, is not irreparably lost should he be tried and convicted. Id., 97. The *Spendolini* court cites *State* v. *Lavorgna,* 37 Conn. Sup. 767, 437 A.2d 131 (1981), for the latter proposition. The *Lavorgna* court held that after a denial of accelerated rehabilitation and after a trial in which the defendant was found guilty, an appellate court could review the denial, at least to the extent of determining whether the trial court committed error in failing to hear any of the circumstances surrounding the alleged offense before concluding that the crime involved was of a serious nature.[7]

---

[7] *State* v. *Lavorgna,* 37 Conn. Sup. 767, 437 A.2d 131 (1981), does not specifically hold that appellate review of a denial of accelerated rehabilitation is never lost after a trial. The court in *State* v. *Spendolini,* 189 Conn. 92, 93, 454 A.2d 720 (1983), in using a "see" citation to *State* v. *Lavorgna,* supra, was aware of that fact but has expanded the *Lavorgna* holding. Justice Peters in her concurring opinion in *State* v. *Longo,* 192 Conn. 85, 94–95, 469 A.2d 1220 (1984), notes that the denial of accelerated rehabilitation is vested in the "virtually unreviewable discretion of the trial court" which may be a view more closely paralleling *Lavorgna* itself than the wider scope of *Spendolini.*

The question posed by the present case is whether the denial of an application for accelerated rehabilitation is appealable in the absence of a trial and conviction after a plea of nolo contendere. Insofar as this record discloses, the defendant's plea was unconditionally made in open court, without reservation.[8] The cases previously cited make it clear that he waived almost all rights he may have had prior to the entry of his plea. Although the denial of an application for accelerated rehabilitation is not functionally related to guilt or innocence, as is a ruling on the admissibility of evidence, but is, rather, available to one accused of a nonserious crime who will "probably not offend in the future," the denial is not equal to a deprivation of a constitutional right. Accelerated rehabilitation is not a right at all. It is a statutory alternative to the traditional course of prosecution available for some defendants and totally dependent upon the trial court's discretion. Without a specific statutory grant of access to appellate review after a plea of nolo contendere, the defendant has no right to such review.

Since the defendant chose to plead nolo contendere and makes no claim here that his plea was not voluntarily, intelligently and knowingly made, he has lost the right to appeal the denial of his application for accelerated rehabilitation. The question of whether that denial was an abuse of discretion need not be reached.[9]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[8] In some federal jurisdictions, it is possible to enter pleas of guilty or nolo contendere which are contingent upon preserving the right to appeal pretrial rulings, but such conditional pleas require the consent of the trial judge and the prosecuting authority. *United States* v. *DePoli,* 628 F.2d 779, 780–81 (2d Cir. 1980). Although the Second Circuit adheres to this rule, other federal circuits do not. Our law does not recognize such conditional pleas except as provided by statute.

[9] On the basis of the record of this case, it is unlikely that any review of the denial of the defendant's application for accelerated rehabilitation would result in a conclusion that there was an abuse of discretion.