STATE OF CONNECTICUT *v.* ROBERT W. HAYNES
(4185)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 4—decision released August 5, 1986

*Jefferson Hanna III,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant pleaded guilty, under the *Alford* doctrine, to the crime of the sale of cocaine, a violation of General Statutes § 21a-277 (a). See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The plea immediately followed the denial of his motion to dismiss. The motion to dismiss was based on his claim that there was an unreasonable delay between the date of the crime and the date of his arrest in violation of his due process rights under the fifth and fourteenth amendments to the United States constitution. The defendant, the state and the court all assumed that his guilty plea preserved his right to appeal from the denial of the motion to dismiss.[1]

The proper preservation of the defendant's right to appeal from the denial of this motion to dismiss was by way of General Statutes § 54-94a which provides for a plea of nolo contendere conditional on his right to take an appeal from that denial. The first issue to be decided, therefore, is whether the defendant waived his right to appeal from the denial of his motion to dismiss because he pleaded guilty, rather than nolo contendere as provided in the statute.

"As a general rule, an *unconditional* plea of guilty or nolo contendere, intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects and bars the later assertion of constitutional challenges to pretrial proceedings." (Emphasis in original; footnote omitted.) *State* v. *Madera,* 198 Conn. 92, 97, 503 A.2d

[1] The court stated that it would not accept a plea of nolo contendere, but that it would accept an *Alford* plea. The defendant himself then told the court that he wished "to appeal the motion to dismiss." The court responded by observing: "I would think you could reserve rights to appeal the motion to dismiss based on the ground of an unreasonable delay between the date of the incident and the date of the arrest." The defendant then said he wished to plead guilty and the court then asked the defendant if he understood that, after such a plea, he would not be able to appeal anything other than the denial of the motion. The court thereafter canvassed the guilty plea. Neither party or the court ever mentioned General Statutes § 54-94a.

136 (1985); *State* v. *Satti,* 2 Conn. App. 219, 222, 477 A.2d 144 (1984). We are convinced that the general rule should not be followed in this case because of its particular facts.

In *Madera,* the defendant, pursuant to General Statutes § 54-94a, "expressly bargained for appellate review . . . 'on the merits' " of the trial court's rulings on his motions to suppress and dismiss. *State* v. *Madera,* supra, 107. If it becomes impossible to undertake such a review, there is a failure of consideration in the plea bargaining process. Id. Here, although the defendant made it clear to the court that he was expressly bargaining for a review of the denial of his motion to dismiss, he was precluded by the court from using the statutory tool which would have allowed the review. The defendant in this case could not intelligently plead guilty without knowing that he could not thereafter attack the denial of his motion to dismiss.[2] His decision to plead guilty was predicated on the court's assertion that appellate review of the denial of the motion to dismiss was preserved. We conclude that he is entitled to appellate review, and also conclude that the record is sufficient to undertake that review.

The merits of this appeal relate to the defendant's claim that a two and one-half month delay between the date of the crime and the date of his arrest deprived him of due process. No testimony or evidence was presented to the trial court to indicate that the delay prejudiced the defendant, and the hearing on the motion to dismiss was confined to oral argument of the parties.[3] The oral argument and the brief of the defendant center on the fact that the claimed delay interfered

---

[2] The record in *State* v. *Satti,* 2 Conn. App. 219, 477 A.2d 144 (1984), did not, unlike this case, provide a basis for a conclusion that the defendant did not intend to waive appellate review.

[3] The motion to dismiss was not filed in writing as required by Practice Book § 812. The court, nevertheless, considered the merits of the motion.

with the defendant's ability to use alibi as a defense. No facts or evidence were ever presented to the court to substantiate that claim.

A claimed due process violation because of prejudicial prearrest delay requires a showing that substantial prejudice resulted from a delay, the purpose of which was to gain a tactical advantage over the defendant. *State* v. *Littlejohn,* 199 Conn. 631, 646, 508 A.2d 1376 (1986); *State* v. *Morrill,* 197 Conn. 507, 522, 498 A.2d 76 (1985).

There is absolutely no evidence in this case that a delay of less than three months prejudiced the defendant or was, in any way, connected to obtaining a tactical advantage over him by the state. A delay of nearly twenty-one months between the date of the crime and the date of the arrest has been held insufficient to dismiss charges against a defendant, absent a showing of any specific prejudice to the defendant; *State* v. *Aspinall,* 6 Conn. App. 546, 549, 506 A.2d 1063 (1986); as has a delay of more than five years. *State* v. *Littlejohn,* supra. The trial court properly denied the defendant's motion to dismiss.

There is no error.

In this opinion the other judges concurred.