[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Efrain Cruz, Jr., alleges in his petition for a Writ of Habeas Corpus initially filed on September 27, 1999 and amended on June 5, 2002, that he is actually innocent of the charges that led to his incarceration, that he was denied the effective assistance of counsel at the trial level in violation of the Sixth and Fourteenth Amendments to the United States Constitution and that at the time of his pleas of guilty, and that he was under significant mental stress such that he was unable to understand the nature and consequences of his actions. For the reasons set forth more fully below, the petitioner has failed in meeting his burden of proof and the petition shall be denied.
As regards the claim of actual innocence, the petitioner alleges that the injuries suffered by the victim of the Assault in the second degree did not arise to that level of seriousness that warranted a conviction on that offense. As for the other offenses to which he pled guilty, the petitioner alleges that the evidence is insufficient.
The claim of ineffective assistance of counsel alleges that his trial defense counsel failed to conduct a proper pretrial investigation and to properly advise the petitioner as to the potential sentence.
This matter came on for trial before the Court on January 15, 2003. The petitioner and his trial defense counsel, Ms Cynthia Clancy, testified at the trial. In addition, the Court received transcripts of the petitioner's court appearances, and the Court records from GA15 for Docket Nos. CR98-0173328, CR98-0176755 and CR99-0181794 into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
 Findings of Fact 1. The petitioner was the defendant in three cases in the Judicial District of New Britain, GA-15, under Docket Numbers CR98-0173328, CT Page 766 CR98-0176755 and CR99-0181794, in which, pursuant to his pleas under the Alford[1] doctrine, he was convicted of one count of Assault in the 2nd degree in violation of CGS § 53a-60, one count of Failure to Appear in the 1st degree in violation of CGS § 53a-172, and two counts of Burglary in the 3rd degree in violation of CGS § 53a-103 and sentenced on May 19, 1999 to a total effective sentence of eight years, suspended after the service of four years to be followed by three years probation
 2. On January 29, 1999, the petitioner entered guilty pleas to the Assault 2nd Failure to Appear, and one count of Burglary 3rd pursuant to a plea bargain between the petitioner and the state.
 3. In exchange for the guilty pleas, the agreement called for the sentence to be limited to eight years, suspended after the service of four and a half years to be followed by three years probation with a right to argue for a lower sentence at sentencing.
 4. On January 29, 1999, the petitioner was duly canvassed by the Court, Iannotti, J., his pleas found to be knowingly and voluntarily made with the assistance of competent counsel, accepted and findings of guilty entered. The petitioner was expressly advised that he would not be able to withdraw his pleas of guilty at a later time and the petitioner stated that he understood. The case was continued to a date subsequent for the preparation of a presentence investigation and sentencing.
 5. On March 24, 1999 the petitioner was arraigned before Judge Ianotti on another charge of Burglary in the 3rd degree.
 6. The petitioner came back before the Court on May 19, 1999 for sentencing on the three matters to which he had already pled guilty in January 1999. At that point, the petitioner entered a plea of guilty to the newest charge of Burglary 3rd with the agreement that the sentence for this offense would run concurrent to the sentences for the previous cases.
 7. Ultimately, the Court sentenced the petitioner on all four matters to a total effective sentence of eight years, suspended after service of four years to be followed by three years probation
 8. The petitioner was represented by a public defender, Ms. Cynthia Clancy, who at the time had been assigned to GA-15. Ms. Clancy is an attorney at law, duly admitted to practice before the Superior Court for the State of Connecticut. CT Page 767
 9. During the pendency of his criminal cases, the petitioner was examined, pursuant to CGS § 54-56d, to determine his competency to stand trial. That examination revealed that the petitioner was able to understand the proceedings and to assist in his own defense and on August 4, 1998, the parties stipulated to the petitioner's competence.
 10. Attorney Clancy did conduct adequate pretrial investigation by interviewing the complainant and witnesses, reviewing police reports, examining medical reports of the complainant's injuries and examining the pretrial photo lineup.
 Discussion of Law
The petitioner comes before this Court with a claim of actual innocence in regard to the offenses to which he entered voluntary pleas of guilty. He faces two difficult obstacles to overcome before relief may be granted. First, "taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, . . . no reasonable fact finder would find the petitioner guilty." Miller v. Commissioner of Correction, 242 Conn. 745 at 791-792 (1997).
It is important at the outset to understand a critical difference between the legal status of a person who has been accused of a crime as opposed to one who has been convicted of a crime. While the person who has been accused of a crime is entitled to a presumption of his or her innocence, the petitioner in a habeas corpus petition is not. "It is undoubtedly true that `[a] person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt. In re Winship, 397 U.S. 385,90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).' Herrera v. Collins, 506 U.S. 390,113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993). . . . The presumption of innocence, however, does not outlast the judgment of conviction at trial." Summerville v. Warden, 229 Conn. 397 at 422-423 (1994). Consequently, even though "a substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial," SummervilleCT Page 768v. Warden, 229 Conn. 397 at 422 (1994), the burden of proving this rests with the petitioner. "Thus, in the eyes of the law, [the] petitioner does not come before the Court as one who is `innocent,' but on the contrary as one who has been convicted by due process of law." Summerville v.Warden, infra. at 422.
Not only has the petitioner been convicted of these offenses, he has been convicted pursuant to his pleas of guilty. "A valid guilty plea generally operates as a waiver of all defects in the prosecution "except those involving the canvass of the plea and the court's subject matter jurisdiction.' State v. Reddick, 224 Conn. 445, 451, 619 A.2d 453
(1993); see also State v. Niblack, 220 Conn. 270, 276-77, 596 A.2d 407
(1991); State v. Gilnite, 202 Conn. 369, 374 n. 4, 521 A.2d 547 (1987);State v. Satti, 2 Conn. App. 219, 221-22, 477 A.2d 144 (1984)." D'Onofriov. Commissioner, 36 Conn. App. 691 at 693 (1995). Moreover, "the guilty plea is a waiver of constitutional rights — a waiver of non-jurisdictional defenses — and where . . . the record discloses that such an act was voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences, . . . the plaintiffs plea of guilty was valid." Consigliov. Warden, 160 Conn. 151. (1970). In the instant case, it is clear that the petitioner's plea of guilty is voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences. The Court engaged in a full canvass of the petitioner to determine the providence of his guilty plea, the petitioner was represented by counsel and fully understood the import of what he was doing. Consequently, his guilty pleas were valid. A valid plea of guilty will operate to estop the petitioner from raising a claim of actual innocence at a subsequent habeas corpus proceeding. of course, if there is a basis to set aside the guilty plea, then the petitioner may pursue the claim of actual innocence.
Here, the petitioner entered his pleas under the Alford doctrine. "[G]uilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty.McCoy v. United States, 124 U.S. App. D.C. 177, 179, 363 F.2d 306, 308
(1966)." See North Carolina v. Alford, 400 U.S. 25 at 33 (1970). The petitioner was charged, in toto, with five Class D felonies, one Class A misdemeanor and two Class C misdemeanors.[2] Had he gone to trial on all of these matters and been convicted, he would have faced a potential maximum sentence of 26 years, six months of incarceration In many respects, it might have been prudent for the petitioner to agree to the offered settlement and enter pleas of guilty and take a chance that a CT Page 769 Judge might give him probation rather than risk a long period of confinement. "Reasons other than the fact that he is guilty may induce a defendant to so plead . . . [and he] must be permitted to judge for himself in this respect. State v. Kaufman, 51 Iowa 578, 580, 2 N.W. 275,276 (1879)." See North Carolina v. Alford, 400 U.S. 25 at 33 (1970). By making the pragmatic decision to plead guilty, even though he may have believed himself innocent, the petitioner voluntarily chose to forego his constitutional right to a trial in exchange for a limitation upon sentence that potentially could have allowed him to receive a sentence of probation
The ultimate decision as to whether a criminal defendant pleads guilty or pleads not guilty rests with the individual charged with the crime. A criminal defendant has a Constitutional right to persist in a plea of not guilty, even in the face of seemingly insurmountable obstacles and overwhelming evidence. It is not, and never has been, for the trial defense counsel to decide the plea that his client should enter. However, "[b]ecause a defendant often relies heavily on counsel's independent evaluation of the charges and defenses, the `right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction' Copas v. Commissioner of Correction,234 Conn. 139, 154 (1995)." See Bailargeon v. Commissioner ofCorrection, 67 Conn. App. 716 at 721 (2002). Consequently, an attorney who fails to conduct an adequate investigation such that he or she is prevented from offering proper counsel to a client, then that attorney may well be providing ineffective representation
"The focus of a habeas inquiry where there has been a guilty plea is the nature of the advice of counsel and the voluntariness of the plea, not the existence of a purported antecedent constitutional infirmity.Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235
(1973). If a prisoner pleads guilty on advice of counsel, he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. McMann v. Richardson,397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), Moreover, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann'"Buckley v. Warden, 177 Conn. 538 at 542-543 (1979). Attorney Clancy, as CT Page 770 has been previously noted, did conduct an adequate pretrial investigation Although there were some weaknesses in the government's case against the petitioner, the main Achilles heel of the petitioner was the exposure he faced on the Failure to Appear charges. There was a strong likelihood that he would be convicted on at least two of these Class D felonies and was therefore facing a strong possibility of a ten-year prison sentence. While this Court is unaware of the full extent of the petitioner's prior criminal background, there was evidence before this Court that he had had "numerous" brushes with the legal system before. So, given his history, the likelihood of conviction on two Class D felonies, the petitioner made a conscious, voluntary, intelligent decision to accept the pretrial settlement offer. Giver the valid guilty plea and the paucity of evidence introduced at the habeas trial regarding the actual innocence of the petitioner, this Court can only conclude that relief on the grounds of actual innocence is not warranted.
As already noted, the petitioner's claim that he was denied the effective assistance of counsel in regards to his guilty pleas must also fail. Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court inStrickland v. Washington, 466 U. 5. 688, 104 S.Ct. 2052,80 L.Ed.2d 674, reh. denied 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland,infra at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. A habeas court "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial."Beasley v. Commisioner of Corrections, 47 Conn. App. 253 at 264 (1979), cert. den 243 Conn. 967 (1998). "A fair assessment of an attorney's CT Page 771 performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time, Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner of Correction, 60 Conn. App. 313 at 317 (2000).
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner 234 Conn. 139, at 151 (1995). Given this, the petitioner must first prove that the performance by his trial defense counsel was deficient in that she negotiated a plea agreement for the petitioner,and, that had that not been done, the petitioner would have pled not guilty, gone to trial and been acquitted.
It is not necessary to consider whether a trial counsel's performance was deficient if the Habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ("[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Valeriano v. Bronson, 209 Conn. 75 at 86 (1988).
The petitioner did not suffer any prejudice as a result of any of the challenged actions or omissions of the trial counsel nor was that counsel ineffective. When a defendant pleads guilty he or she relieves the state of an enormous burden in having to go forward with proof of guilt. A guilty plea is often thought of as the first step on the long road to rehabilitation and a beginning of a return of the offender to being a productive member of society. In return, the state will generally recommend that a penitent defendant receive a lower sentence. A plea bargain is in the nature of a contract, albeit one that deals with CT Page 772 matters of the utmost importance. Consequently, even assuming deficient performance by his trial defense counsel, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, infra at 694. Here, the petitioner voluntarily entered into this plea bargain; was ably represented by counsel who did conduct an adequate pretrial investigation; and, he freely made the choice to give up his constitutional right to a trial in order to obtain favorable consideration upon sentencing. "To mount a successful collateral attack on his conviction, a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal. Hill v. United States, 368 U.S. 424, 428,82 S.Ct. 468, 7 L.Ed.2d 417, reh. denied, 369 U.S. 808, 82 S.Ct. 640,7 L.Ed.2d 556
(1962). D'Amico v. Manson, 193 Conn. 144, 156-57, 476 A.2d 543
(1984); see also Bowers v. Warden, 19 Conn. App. 440, 441, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989). In order to demonstrate such a fundamental unfairness or miscarriage of justice, the petitioner should be required to show that he is burdened by an unreliable conviction" (Internal quotation marks omitted.) Buckley v. Commissionerof Correction, 222 Conn. 460-61." Summerville v. Warden, 229 Conn. 397 at 419 (1994). This, he clearly cannot do.
As a final note, while the petitioner raises the issue of his competency, there has been no evidence produced to sustain that claim. In fact, the only direct evidence on that point indicates that the petitioner was competent at the time his case was pending. Indeed, a review of the transcripts does not show any sort of abnormality, aberration or conversation that could have raised a concern as to the petitioner's mental state. This claim is, therefore, deemed to be without proof and is rejected.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
 ___________________ S.T. Fuger, Jr., Judge