[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Darryl McKnight, alleges in his petition for a Writ of Habeas Corpus initially filed on December 9, 1994 and amended on June 27, 2002 that he was denied the effective assistance of counsel at the trial of his initial habeas corpus petition in violation of the Sixth andFourteenth Amendments to the United States Constitution. For the reasons set forth more fully below, the petitioner has failed in meeting his burden of proof and the petition shall be denied.
As regards the claim of ineffective assistance of habeas counsel, the petitioner alleges that his habeas counsel, Attorney Carolyn Koch, improperly withdrew his habeas claim that his guilty pleas were involuntary. This is the only claim that is before this Court. However, in order to determine the issue of whether Ms. Koch was an ineffective habeas counsel, the Court must also examine the underlying claims as well.
This matter came on for trial before the Court on December 12, 2002 and February 10, 2003. The petitioner and his initial habeas counsel, Ms. Carolyn Koch, testified at the trial. In addition, the Court received transcripts of the petitioner's habeas trial, the Court's decision in the habeas matter and the decisions of the Supreme and Appellate Courts on that habeas action into evidence. This Court also admitted the transcript of the petitioner's probable cause hearing, his plea and sentencing as well as statements from Ms. Sara Santiago. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
Findings of Fact
1. The petitioner was the defendant in three cases pending in the Judicial District of Fairfield in which, pursuant to his pleas under theAlford[1] doctrine on March 3, 1988, he was convicted of one count of Murder in violation of C.G.S. § 53a-54c, and two counts of Assault in the 1st degree in violation of CGS § 53a-59 and thereafter, on April CT Page 2181 15, 1988 sentenced by the Court, Ford, J., to a total effective sentence of twenty-five years to serve.
2. On May 31, 1989, the petitioner filed a petition for habeas corpus relief from the confinement that resulted from the murder conviction.
3. The petitioner was represented in this petition by Attorney Carolyn Koch, an attorney in the employ of the Legal Aid Society of Hartford County who had been appointed by the Court, Sferrazza, J., as a special public defender.
4. Trial in the habeas petition took place over three days in 1993, specifically: May 17, 1993, May 18, 1993, and July 19, 1993.
5. Petitioner had initially claimed that: (a) he had been denied the effective assistance of counsel at the probable cause hearing into the murder charge conducted before the Court, Reilly, J., on January 22, 1987, and (b), that his plea of guilty was involuntary.
6. At the habeas hearing on July 19, 1993, the petitioner through his habeas counsel expressly abandoned any claim that his guilty plea was not intelligently and voluntarily made.
7. As a result, the Respondent in the initial habeas petition moved to dismiss the remaining claim on the ground that the state Supreme Court holding in State v. Niblack, 220 Conn. 270 (1991), was the controlling case law.
8. The habeas Court, Sferrazza, J., agreed and finding that the "general rule is that a guilty plea waives all non-jurisdictional defects antecedent to the entering of the plea," dismissed the petition.
9. This dismissal was affirmed on appeal by the Appellate Court,McKnight v. Commissioner of Corrections, 35 Conn. App. 762 (1994), cert. den., 231 Conn. 936 (1994).
10. At the time of her representation, Ms. Koch was admitted to practice before the Courts of the state of Connecticut although she is no longer engaged in the active practice of law.
11. In regard to the underlying criminal matters, the petitioner and the state had arrived at a pretrial agreement in which the petitioner would plead guilty to the murder charge and the two assault in the first degree charges in exchange for the state dropping the remaining charges CT Page 2182 and recommending a sentence of twenty-five years.
Discussion of Law
The petitioner comes before this Court with a claim of ineffective assistance of the habeas counsel who represented him in regard to his challenge of the convictions to which he had entered voluntary pleas of guilty. In order for this Court to afford the petitioner any relief, he must first show that his habeas counsel was ineffective and then must demonstrate that he suffered some prejudice therefrom. If that is done, then this Court can authorize the reinstatement of the petitioner's claim of an involuntary plea of guilty. This would allow the petitioner an opportunity to file a new habeas petition on the underlying claim.
This becomes a multi-step problem that must be proven from the ground up. Although the petitioner is directly attacking the top layer[2] of this "house of cards," he will be unable to succeed without first mounting a successful attack upon voluntariness of his plea of guilty. If he can show that his guilty plea was involuntary, then he must attempt to show that his trial defense counsel was ineffective in his representation at the probable cause hearing. This will necessitate a showing that but for the ineffective representation of his trial defense counsel the Court would not have found probable cause and that the petitioner would have thereafter not been convicted of murder.
It is important at the outset to understand a critical difference between the legal status of a person who has been accused of a crime as opposed to one who has been convicted of a crime. While the person who has been accused of a crime is entitled to a presumption of his or her innocence, the petitioner in a habeas corpus petition is not. "It is undoubtedly true that `[a] person when first charged with a crime is entitled to a presumption of innocence, and may insist that his guilt be established beyond a reasonable doubt. In re Winship, 397 U.S. 385,90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).' Herrera v. Collins, 506 U.S. 390,113 S.Ct. 853, 859, 122 L.Ed.2d 203 (1993). . . The presumption of innocence, however, does not outlast the judgment of conviction at trial." Summerville v. Warden, 229 Conn. 397 at 422-23 (1994). The burden of proving a right to relief rests with the petitioner. "Thus, in the eyes of the law, [the] petitioner does not come before the Court as one who is `innocent,' but on the contrary as one who has been convicted by due process of law." Summerville v. Warden, supra, at 422.
Not only has the petitioner been convicted of these offenses however, he has been convicted pursuant to his pleas of guilty. "A valid guilty plea generally operates as a waiver of all defects in the prosecution CT Page 2183 `except those involving the canvass of the plea and the court's subject matter jurisdiction.' State v. Reddick, 224 Conn. 445, 451, 619 A.2d 453
(1993); see also State v. Niblack, 220 Conn. 270, 276-77, 596 A.2d 407
(1991); State v. Gilnite, 202 Conn. 369, 374 n. 4, 521 A.2d 547 (1987);State v. Satti, 2 Conn. App. 219, 221-22, 477 A.2d 144 (1984)." D'Onofriov. Commissioner, 36 Conn. App. 691 at 693 (1995). Moreover, "the guilty plea is a waiver of constitutional rights — a waiver of non-jurisdictional defenses — and where . . . the record discloses that such an act was voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences, the plaintiff's plea of guilty was valid." Consiglio v.Warden, 160 Conn. 151 (1970). In the instant case, it is clear that the petitioner's plea of guilty is voluntary, knowing, intelligent and done with sufficient awareness of the relevant circumstances and likely consequences. The Court engaged in a full canvass of the petitioner to determine the providence of his guilty plea, the petitioner was represented by counsel[3] and fully understood the import of what he was doing.[4] Consequently, his guilty pleas were valid. A valid plea of guilty will operate to estop the petitioner from raising any claim of defects in the trial proceedings antecedent to the plea at a subsequent habeas corpus proceeding. State v. Madera, 198 Conn. 92 (1985).
Here, the petitioner entered his guilty pleas under the Alford
doctrine. "[G]uilt, or the degree of guilt, is at times uncertain and elusive, an accused, though believing in or entertaining doubts respecting his innocence, might reasonably conclude a jury would be convinced of his guilt and that he would fare better in the sentence by pleading guilty. McCoy v. United States, 124 U.S.App.D.C. 177, 179,363 F.2d 306, 308 (1966)." See North Carolina v. Alford, 400 U.S. 25
at 33 (1970). The petitioner was charged, in toto, with multiple offenses including murder and assault in the first degree. Had he gone to trial on all of these matters and been convicted, he would have faced the potential of spending the remainder of his life in prison. It may well have been prudent for the petitioner to agree to a pretrial agreement, enter pleas of guilty and receive favorable consideration on the sentence. At the time of his plea, the petitioner was twenty years of age. With a twenty-five-year sentence, the petitioner would be released from prison in time to celebrate his 45th birthday. "Reasons other than the fact that he is guilty may induce a defendant to so plead [and he] must be permitted to judge for himself in this respect. State v.Kaufman, 51 Iowa 578, 580, 2 N.W. 275, 276 (1879)." See North Carolinav. Alford, 400 U.S. 25 at 33 (1970). By making the pragmatic decision to plead guilty, even though he may have believed himself innocent, or felt that his counsel was less than effective, the petitioner voluntarily chose to forego his constitutional right to a trial in exchange for a CT Page 2184 limitation upon sentence that would allow him some freedom, albeit in his middle-aged years.
The ultimate decision as to whether a criminal defendant pleads guilty or pleads not guilty rests with the individual charged with the crime. A criminal defendant has a Constitutional right to persist in a plea of not guilty, even in the face of seemingly insurmountable obstacles and overwhelming evidence. It is not, and never has been, for the trial defense counsel to decide the plea that his client should enter.
"The focus of a habeas inquiry where there has been a guilty plea is the nature of the advice of counsel and the voluntariness of the plea, not the existence of a purported antecedent constitutional infirmity.Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235
(1973). If a prisoner pleads guilty on advice of counsel, he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. McMann v. Richardson,397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Moreover, `a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.'"Buckley v. Warden, 177 Conn. 538 at 542-43 (1979).
Any claim to the effect that the petitioner was denied the effective assistance of counsel in regards to his guilty pleas would fail. A claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Strickland v.Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984), before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra,
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result CT Page 2185 unreliable." Strickland, infra, at 687. In short, the petitioner must show deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
Here, Ms. Koch, who admitted to never having tried a criminal case or a probable cause hearing, argued that the petitioner's trial defense counsel was ineffective at the probable cause hearing because he did not present any alibi witnesses.[5] There has been no attack, either in the initial habeas proceeding or at this present proceeding that the petitioner's trial defense counsel's advice to his client in connection with the plea bargain and the guilty plea was anything other than appropriate. Instead the argument is made that had the petitioner's trial defense counsel presented evidence at the probable cause hearing that there would have been a different result and that the petitioner would not have been facing murder charges in the first place. Ignoring the well-established case law that a guilty plea cures a defect such as alleged here, the petitioner wishes to argue that had his counsel produced the witnesses that the Court never would have found probable cause. Not only is this highly speculative, it asks this Court to substitute its judgment for the trial strategy of the trial defense counsel who elected to delay presenting these alibi witnesses until the case in chief.
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to relitigate a case in a different manner. A habeas court "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial."Beasley v. Commissioner of Corrections, 47 Conn. App. 253 at 264 (1979), cert. den., 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner of Correction, 60 Conn. App. 313
at 317 (2000).
"Although Strickland applies generally to the evaluation of whether ineffective assistance of counsel during criminal proceedings has infringed on a petitioner's constitutional rights, the United States Supreme Court has articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. See Hill v.Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Hill
CT Page 2186 requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." Copas v.Commissioner, 234 Conn. 139 at 151 (1995). Given this, the petitioner must first prove that his guilty plea was involuntary. Next, he must show that the performance by his habeas counsel in abandoning that claim was deficient. Then the petitioner must show that the performance of his trial defense counsel was deficient at the probable cause hearing. Finally, the petitioner must show that in light of this deficient performance, the probable cause hearing would have resulted in a favorable finding of no probable cause to try the petitioner for murder and that in consequence, the petitioner would have pleaded not guilty and had a likelihood of acquittal at trial. This is the only way in which the petitioner can show that he was prejudiced by the withdrawal of the claim by Ms. Koch.
It is not even necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ('[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')." Valeriano v. Bronson, 209 Conn. 75 at 86 (1988).
The petitioner has not established that he suffered any prejudice as a result of the challenged actions or omissions of the habeas counsel. When a defendant pleads guilty he or she relieves the state of an enormous burden in having to go forward with proof of guilt. A guilty plea is often thought of as the first step on the long road to rehabilitation and a beginning of a return of the offender to being a productive member of society. In return, the state will generally recommend that a penitent defendant receive a lower sentence. A plea bargain is in the nature of a contract, albeit one that deals with matters of the utmost importance. Consequently, even assuming deficient performance by his trial defense counsel, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, infra, at 694. Here, the petitioner voluntarily entered into this plea bargain, was represented by counsel who negotiated a favorable pretrial agreement, and he freely made the choice to give up his CT Page 2187 constitutional right to a trial in order to obtain favorable consideration upon sentencing. "To mount a successful collateral attack on his conviction, a prisoner must demonstrate a miscarriage of justice or other prejudice and not merely an error which might entitle him to relief on appeal. Hill v. United States, 368 U.S. 424, 428,82 S.Ct. 468, 7 L.Ed.2d 417, reh. denied, 369 U.S. 808, 82 S.Ct. 640,7 L.Ed.2d 556 (1962). D'Amico v. Manson, 193 Conn. 144, 156-57, 476 A.2d 543
(1984); see also Bowers v. Warden, 19 Conn. App. 440, 441, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989). In order to demonstrate such a fundamental unfairness or miscarriage of justice, the petitioner should be required to show that he is burdened by an unreliable conviction." (Internal quotation marks omitted.) Buckley v. Commissionerof Correction, 222 Conn. 460-61." Summerville v. Warden, 229 Conn. 397
at 419 (1994). This, he clearly cannot do.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge